[No. 5208.   Decided March 23, 1905.]

E. E. GILMER, *Respondent,* v. HOLLAND INVESTMENT COMPANY, *Appellant.*[1]

APPEAL—REVIEW—HARMLESS ERROR.   Error in the admission of evidence in a case tried *de novo* on appeal is harmless, as such evidence will be disregarded.

TRIAL—NONSUIT IN EQUITY—WAIVER.   The defendant waives a motion for nonsuit in an equity case by proceeding with the trial.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 30, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to wind up a corporation.   Affirmed.

*G. M. Emory,* for appellant.

*Fulton & Faben,* for respondent.

PER CURIAM:—The appellant is a corporation, organized under the laws of this state.   Its articles of incorporation authorize it to engage in several distinct lines of business, and, as one of such, it engaged in a sort of a building and loan business.   It is somewhat difficult to understand, even when aided by the explanations of the president of the corporation, just what rights were granted a subscriber by the contract issued to him.   In the language of that officer, these contracts were "a peculiarly reading proposi-

[1]Reported in 79 Pac. 1103.

tion;" but the general scheme was that, whenever enough money had been paid in by the subscribers to equal the face value of a contract, that sum was to be loaned to the oldest contract holder to be used in building a home; he agreeing to repay the money in monthly installments of fixed amounts.    How the scheme would have worked in practice, the evidence does not disclose.    The only contracts that ever matured were those held by officers of the company, and they did not seem to care to take advantage of the privileges the contracts afforded.    In lieu thereof they built some three houses, which they assert the corporation holds in trust for its home building fund, notwithstanding the titles thereto stand in the name of certain of its officers.

This action is brought by a contract holder for the purpose of having a receiver appointed, the affairs of the corporation wound up, and its property divided among those entitled thereto.    The right to the relief is based on the allegation that the affairs of the concern have been mismanaged, that it is insolvent, and that the scheme pursued is incapable of successfully working out, even if honestly and competently managed.    The court found, after hearing the evidence, that the allegations of the complaint were proven, and appointed a receiver to take possession of its property for the purpose of winding up its affairs.

The appellant complains that the court erred in overruling its objections to certain evidence, when the respondent was being examined in chief, and in refusing to sustain its motion for a nonsuit, made at the conclusion of the respondent's case in chief.    The complaint that the rules of evidence were violated while the plaintiff was being examined we think is just; and it may be that, did the record show nothing more than the evidence introduced on the part of the plaintiff, we would reverse the judgment, but both of these questions are moot questions on this appeal.

In so far as improper evidence was admitted, we will disregard it; and the appellant waived its right to insist on its motion for nonsuit by going on with the trial.   The case is tried here *de novo*, and this court will test the validity of the judgment by the record as a whole, not from any particular part of it.   On the only question remaining, the sufficiency of the evidence, we think the record abundantly justifies the court's conclusion, after ·eliminating everything that could possibly be questioned.   Indeed, the evidence of the president alone, in our opinion, justifies the lower court's finding.

There is, therefore, no reversible error in the record, and the judgment will stand affirmed.